FILED
IN CLERK'S OFFICE

UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

2004 OCT 18  P 2:47

U.S. DISTRICT COURT
DISTRICT OF MASS.

| | |
|---|---|
| Charlene M. Wood, ) | |
| ) | |
| Plaintiff, ) | CIVIL ACTION NO. |
| ) | |
| vs. ) | **04-12183 PBS** |
| ) | |
| The Charles Stark Draper Laboratory, Inc., ) | |
| ) | MAGISTRATE JUDGE Bowler |
| Defendant. ) | |

### COMPLAINT AND DEMAND FOR TRIAL BY JURY

#### Jurisdiction

1. Jurisdiction of Counts I - II is conferred by 28 U.S.C. 1331, as these Counts arise under the laws of the United States.

2. Jurisdiction of Count III is further conferred by pendent and/or supplemental jurisdiction pursuant to 28 U.S.C. 1367.

#### Parties

3. The Plaintiff, Charlene M. Wood ("Wood"), is a citizen of the Commonwealth of Massachusetts, Middlesex County.

4. The Defendant, The Charles Stark Draper Laboratory, Inc. ("Draper Lab."), is a Massachusetts corporation, with a principal place of business in Cambridge, Massachusetts.

Page 1 of 7

RECEIPT # 59415
AMOUNT $ 150-
SUMMONS ISSUED____1____
LOCAL RULE 4.1_____
WAIVER FORM_____
MCF ISSUED_____
BY DPTY. CLK._____
DATE_____12-18-04

## Factual Allegations

5. On or about January 15, 1999, Wood commenced employment with Draper Labs. as a Mail Room Clerk in Draper Labs.'s Cambridge, Massachusetts offices.

6. Approximately two years after her hiring, Wood began to experience problems with her left hand, including pain and swelling.

7. Wood consulted a specialist, and was diagnosed with Carpel Tunnel Syndrom and DeQuervain's Tendinitis, a qualifying disability under the Americans with Disabilities Act.

8. This condition substantially limits one or more of Wood's major life activities including but not limited to her ability to work.

9. Wood was still able, however, to perform the essential functions of her job with or without a reasonable accommodation.

10. In or around May, 2003 Wood was required to undergo surgery on her hand and to miss approximately two weeks of work.

11. Upon her return to work, pursuant to doctor's orders, Wood was required to adhere to lifting, pulling and pushing restrictions for another approximately two weeks.

12. During the period when she was restricted as set forth above, Wood was still able to perform the essential functions of her position.

13. In or around August, 2003 Wood was required to undergo another, far more extensive, surgery on her hand. Pursuant to doctor's orders, Wood was required to miss approximately two months of work at which point her doctor cleared her to return to work with the same type of restrictions as set forth above.

14. Wood was not, however, allowed to return to work, and was told by her immediate supervisor, Lawrence Bella, that she could not return to work if she required any restrictions whatsoever placed upon, or accommodations concerning, her job duties.

15. Bella further stated to Wood that she would be granted no further workplace restrictions and/or accommodations in the future.

16. Bella stated to Wood that the above instructions came directly from Linda Knight, Draper Lab.'s Human Resources Manager, and instructed Wood to contact her with any questions.

17. Wood made numerous attempts to contact Knight, but she would not return Wood's calls.

18. Wood eventually spoke with Knight's assistant who confirmed Knight's above instructions as stated to her by Bella.

19. This was in spite of the fact that Wood could perform the essential functions of her position with the restrictions set forth above, and that she had done so successfully after her first surgery.

20. Wood was able to return to work without restriction in or around November, 2003.

21. Subsequent to her return, however, Wood was criticized concerning her requests to take time off for doctors' appointments, and received a false negative performance evaluation.

22. By the early Spring of 2004, Wood's condition had once again worsened to the extent that she was required to wear a wrist brace continually and have an increasing number of doctors' appointments.

23. During this period, Bella questioned Wood repeatedly about her condition and whether or not she would require additional surgery.

24. On several occasions Bella stated to Wood, in reference to her condition, "I don't know what we're going to do", and words to that effect.

25. On or about April 29, 2004, Wood was called into a meeting with Bella and Jack O'Neil, Head of Document Control and Security, whereupon her employment was terminated.

26. The stated reason for Wood's termination, layoff due to "insufficient work" in her department, was false and a pretext for unlawful discrimination and retaliation.

27. Wood was the only person "laid off" in her department.

28. Throughout her employment with Draper Labs., Wood consistently met and/or exceeded the legitimate performance expectations for her position. During her employment, Wood received numerous salary increases and was promoted on several occasions.

29. The above acts of Draper Labs. have caused Wood to suffer lost income, lost income earning capacity, personal injury including severe emotional distress, and to otherwise be damaged.

## COUNT I
### The Americans With Disabilities Act
### 42 U.S.C. 12112a, et seq.

30. The Plaintiff adopts by reference all above allegations, and further alleges:

31. All conditions precedent regarding this Count have been complied with.

32. Wood is a qualified individual with a disability under this section.

33. Draper Labs. failed to reasonably accommodate Wood's known disability and otherwise discriminated against her concerning benefits, terms and conditions of her employment

on account of her disability.

34. In addition to the above discrimination, Wood was subjected to retaliation by Draper Labs. for asserting rights under this section.

35. Draper Labs.'s above stated conduct was willful, malicious, in bad faith, outrageous and extraordinary, thereby giving rise to an award of punitive damages.

WHEREFORE, the Plaintiff, Charlene M. Wood, demands judgment against Draper Labs. in an amount reasonably calculated to adequately compensate her for her injuries, together with punitive damages, interest, reasonable attorney's fees, and the costs of this action.

## COUNT II
### The Family and Medical Leave Act of 1993
### 29 U.S.C. 2601, et seq.

36. The Plaintiff adopts by reference all above allegations, and further alleges:

37. All conditions precedent to this Count, if any, have been complied with.

38. Wood is an eligible employee, as defined by 29 U.S.C. § 2611.

39. Draper Labs. is an employer, as defined by 29 U.S.C. § 2611.

40. The above described acts of Draper Labs., committed by and through its authorized agents and employees, interfered with, restrained or denied the exercise or attempted exercise by Wood of rights protected by 29 U.S.C. 2601, et seq.

41. Wood was additionally terminated for exercising rights under 29 U.S.C. 2601, et seq.

WHEREFORE, the Plaintiff, Charlene M. Wood, demands judgment against Draper Labs. in an amount reasonably calculated to adequately compensate her for her injuries, together with interest, reasonable attorney's fees, and the costs of this action.

## COUNT III
### Mass.G.L. c. 151B

42. The Plaintiff adopts by reference all above allegations, and further alleges:

43. All conditions precedent regarding this Count have been complied with.

44. The above described acts of discrimination against Wood, on the basis of handicap, had the purpose or effect of injuring Wood in the terms and conditions of her employment with Draper Labs..

45. Wood is a qualified handicapped person under this section.

46. Draper Labs. failed to reasonably accommodate Wood's known handicap, and otherwise discriminated against Wood concerning benefits, terms and conditions of her employment on account of her handicap.

47. In addition to the above discrimination, Wood was subjected to retaliation by Draper Labs. for asserting rights under this section.

48. Draper Labs.'s above stated conduct was willful, malicious, in bad faith, outrageous, and extraordinary, thereby giving rise to an award of punitive damages.

WHEREFORE, the Plaintiff, Charlene M. Wood, demands judgment against Draper Labs. in an amount reasonably calculated to adequately compensate her for her injuries, together with punitive damages, interest, reasonable attorney's fees, and the costs of this action.

**PLAINTIFF DEMANDS TRIAL BY JURY ON ALL COUNTS**

Respectfully submitted,
Charlene M. Wood
By her attorney,

_____
Paul F. Wood, BBO No. 565195
Law Office of Paul F. Wood, P.C.
45 Bowdoin Street
Boston, MA 02114
(617) 532-2666