UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MASSACHUSETTS

| | |
|---|---|
| CHARLENE WOOD,<br><br>       Plaintiff,<br><br>v.<br><br>THE CHARLES STARK DRAPER<br>LABORATORY, INC.,<br><br>       Defendant. | Civil Action No. 04-12183 (PBS) |

## ANSWER

For its answer to the Complaint of Plaintiff Charlene Wood, Defendant The Charles Stark Draper Laboratory, Inc. ("Draper") states as follows:

### FIRST DEFENSE

Answers to each paragraph of the Complaint are made without waiving, but expressly reserving, all rights that Draper may have to seek relief by appropriate motion directed to the allegations in the Complaint. Draper answers the allegations set forth in the separately numbered paragraphs as follows:

### "Jurisdiction"

1.  Paragraph 1 contains only legal assertions to which Draper need not reply.

2.  Paragraph 2 contains only legal assertions to which Draper need not reply.

### "Parties"

3.  Draper is without knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 3.

- 2 -

4.  Draper admits that it has a principal place of business in Cambridge, Massachusetts. Draper denies the remaining allegations in Paragraph 4. Further answering, Draper states that it is a Massachusetts nonprofit corporation under Mass. Gen. Laws c. 180.

### "Factual Allegations"

5.  Draper denies the allegations in Paragraph 5.

6.  Draper is without knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 6.

7.  Draper is without knowledge or information sufficient to form a belief as to the truth of the factual allegations in Paragraph 7. To the extent Paragraph 7 contains legal assertions, Draper need not reply.

8.  Draper denies the allegations in Paragraph 8.

9.  Draper denies the allegations in Paragraph 9.

10. Draper is without knowledge or information sufficient to form a belief as to the truth of the allegation that Ms. Wood was "required to undergo surgery." Draper denies the remaining allegations in Paragraph 10.

11. Draper denies the allegations in Paragraph 11.

12. Draper denies the allegations in Paragraph 12.

13. Draper is without knowledge or information sufficient to form a belief as to the truth of the allegation in the first sentence of Paragraph 13. Draper is also without knowledge or

- 3 -

information sufficient to form a belief as to the truth of the allegation that Ms. Wood "was required to miss approximately two months of work." Draper denies the remaining allegations in Paragraph 13.

14. Draper denies the allegations in Paragraph 14. Further answering, Draper states that it permitted Ms. Wood to extend her leave of absence so that she could return to work without restrictions that prevented her from performing the essential functions of her position.

15. Draper denies the allegations in Paragraph 15.

16. Draper denies the allegations in Paragraph 16.

17. Draper is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 17, except denies that Ms. Knight failed to return Ms. Wood's alleged calls.

18. Draper denies the allegations in Paragraph 18.

19. Draper denies the allegations in Paragraph 19.

20. Draper admits the allegations in Paragraph 20.

21. Draper denies the allegations in Paragraph 21. Further answering, Draper states that the written performance evaluation Ms. Wood received is the best evidence of its own contents.

22. Draper is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 22.

23. Draper denies the allegations in Paragraph 23.

24. Draper denies the allegations in Paragraph 24.

25. Draper admits the allegations in Paragraph 25.

26. Draper denies the allegations in Paragraph 26.

27. Draper admits the allegations in Paragraph 27.

28. Draper denies the allegations in Paragraph 28.

29. Draper denies the allegations contained in Paragraph 29.

**"Count I—The Americans With Disabilities Act, 42 U.S.C. 12112a et seq."**

30. Draper incorporates by reference its answers to the allegations set forth in Paragraphs 1-29.

31. Draper need not reply to the legal assertions in Paragraph 31. To the extent Paragraph 31 contains factual allegations, Draper denies them.

32. Draper denies the allegations in Paragraph 32.

33. Draper denies the allegations in Paragraph 33.

34. Draper denies the allegations in Paragraph 34.

35. Draper denies the allegations in Paragraph 35.

**"Count II—The Family and Medical Leave Act of 1993, 29 U.S.C. 2601 et seq."**

LIBB/1297092.1

- 5 -

36. Draper incorporates by reference its answers to the allegations set forth in Paragraphs 1-35.

37. Draper need not reply to the legal assertions in Paragraph 37. To the extent Paragraph 37 contains factual allegations, Draper denies them.

38. Draper need not reply to the legal assertions in Paragraph 38.

39. Draper need not reply to the legal assertions in Paragraph 39.

40. Draper denies the allegations contained in Paragraph 40.

41. Draper denies the allegations contained in Paragraph 41.

### "Count III-Mass. G.L. c. 151B"

42. Draper incorporates by reference its answers to the allegations set forth in Paragraphs 1-41.

43. Draper need not reply to the legal assertions in Paragraph 43. To the extent Paragraph 43 contains factual allegations, Draper denies them.

44. Draper denies the allegations contained in Paragraph 44.

45. Draper denies the allegations contained in Paragraph 45.

46. Draper denies the allegations contained in Paragraph 46.

47. Draper denies the allegations contained in Paragraph 47.

48. Draper denies the allegations contained in Paragraph 48.

- 6 -

## SECOND AFFIRMATIVE DEFENSE

Plaintiff fails to state a claim upon which relief may be granted.

## THIRD AFFIRMATIVE DEFENSE

Plaintiff has not been damaged in the manner alleged, or in any manner at all.

## FOURTH AFFIRMATIVE DEFENSE

Plaintiff has failed to take reasonable steps to mitigate damages, if any.

        Respectfully submitted,

        THE CHARLES STARK DRAPER
        LABORATORY, INC.,

        By its attorneys,


        /s Leslie Blickenstaff
        James W. Nagle, P.C. (BBO No. 366540)
        Leslie S. Blickenstaff (BBO NO. 636267)
        GOODWIN PROCTER LLP
        Exchange Place
        Boston, Massachusetts 02109-2881
        (617) 570-1000

Date: November 8, 2004