UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MASSACHUSETTS

FILED
IN CLERKS OFFICE

2005 JAN 28  A 10: 25

U.S. DISTRICT COURT
DISTRICT OF MASS.

| | |
|---|---|
| CHARLENE WOOD,<br><br>Plaintiff,<br><br>v.<br><br>THE CHARLES STARK DRAPER LABORATORY, INC.,<br><br>Defendant. | Civil Action No. 04-12183 (PBS) |

## STIPULATED PROTECTIVE ORDER REGARDING CONFIDENTIAL INFORMATION

It appearing to the Court and to the parties, Charlene Wood ("Wood") and The Charles Stark Draper Laboratory, Inc. ("Draper") (collectively "the parties"), that discovery in this action may involve the production of sensitive and confidential personal, employee and business information in the possession of Wood or Draper, the following is hereby stipulated and agreed to by the parties and so ordered by the Court:

1. Any party may designate as "confidential" any information or document produced in response to discovery requests by the other party or to an Order of Court (including but not limited to deposition testimony and exhibits, interrogatory answers, and document production), which in good faith it deems to be sensitive and/or confidential, which shall include but not be limited to confidential personnel or business information. For purposes of this Stipulation, the term "document" shall mean any written, typed or printed matter of any kind, sound recordings, photographs, or any other medium for preserving, duplicating or recording written or spoken words.

LJBB/1318325.1

2. Production of any confidential information shall not be construed as a concession or admission that the information contained therein is relevant or admissible in this litigation.

3. Such information or documents that either party designates as "confidential" shall be produced only to counsel for the other party, who shall use such information or documents (and the information contained therein) <u>solely</u> in the prosecution of this action.

4. Information or documents which are designated as "confidential", copies thereof, and the information contained therein, shall not be exhibited or disclosed to anyone by the party that has requested such information or document or his or its counsel; provided, however, that nothing herein shall prevent the disclosure of such information or the exhibition of such documents, copies thereof, and the information contained therein to experts designated in the parties' responses to expert interrogatories, paralegals, law students, clerical or accounting personnel for use in connection with litigation of this action if such experts, paralegals, law students, clerical or accounting personnel first read this Stipulation and agree to be bound by it by signing the form attached hereto at Exhibit A. A list shall be maintained by counsel for both parties of the names of all persons to whom disclosures are made. Nothing stated herein shall prevent any party to this action from immediately requesting that the Court allow appropriate and reasonable relief from this Stipulation if any person not a party to this action who was requested to abide hereby refuses to so abide.

5. Information or documents (and the information contained therein) which are designated "confidential" may be referred to in the course of depositions, or made exhibits to depositions, provided that the deponent, all counsel, and other persons present at the deposition, or who review the transcript thereof, agree to be bound by the terms of this Stipulation, and

provided further, that any confidential exhibits to depositions or testimony concerning such information or documents which are designated "confidential" shall be separately sealed, and shall not be filed with the deposition except upon agreement of the parties or until further Order of the Court, entered after notice to both parties and opportunity for them to be heard.

6. Information or documents (and the information contained therein) which are designated as "confidential" may be referred to in (or made exhibits to) documents such as briefs, memoranda and supplemental materials filed with the Court, provided that any such documents filed with the Court that contain confidential information shall be sealed and be made public, in whole or in part, only after notice to all parties and opportunity for them to be heard.

7. Either party may waive designation of the confidentiality of information or a document. Any waiver of the confidentiality of information or a document must be express and shall be construed, unless expressly stated otherwise, to be a waiver limited in scope to the circumstances in which it is made.

8. Within thirty days of the conclusion of this action, both parties shall return all "confidential" documents, including but not limited to all copies, to the other party or certify that such documents have been destroyed. This Stipulation shall not apply to documents, interrogatory answers, and deposition testimony (and the information contained therein) which were in the possession of either party prior to this litigation and which were not previously designated confidential.

9. This Stipulation shall be without prejudice to the right of any party to contest the "confidential" status of any category of documents, particular documents or part thereof which may be produced.

LIBB/1318325.1

10. Nothing herein shall affect the right of either party to move for (a) more extensive confidentiality restrictions with respect to specific information or documents or (b) relief from this Stipulation with respect to specific information or documents; provided that the moving party provides the nonmoving party with five days notice in order to afford him or it an opportunity to object to the use of such confidential information. If the moving party does not provide five days notice to the nonmoving party as required by this paragraph, the moving party may immediately apply to the Court for appropriate and reasonable relief from the notice provisions of this paragraph.

The parties stipulate to entry of this Protective Order Regarding Confidential Information.

SO ORDERED,

_____

Date: _____, 2005

SIGNED THIS 28 DAY OF January, 2005.

| CHARLENE WOOD | THE CHARLES STARK DRAPER LABORATORY, INC. |
|---|---|
| By her attorneys, | By its attorneys, |
| /s/ Paul Wood / LSB<br>Paul F. Wood, Esq. (BBO #565195)<br>Law Office of Paul F. Wood, P.C.<br>45 Bowdoin Street<br>Boston, MA 02114<br>(617) 532-2666 | /s/<br>James W. Nagle (BBO # 366540)<br>Leslie S. Blickenstaff (BBO #636267)<br>GOODWIN PROCTER LLP<br>Exchange Place<br>Boston, MA 02109-2881<br>(617) 570-1000 |

LIBB/1318325.1

# EXHIBIT A

UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MASSACHUSETTS

| | |
|---|---|
| CHARLENE WOOD,<br><br>  Plaintiff,<br><br>v.<br><br>THE CHARLES STARK DRAPER LABORATORY, INC.,<br><br>  Defendant. | Civil Action No. 04-12183 (PBS) |

## AGREEMENT TO ABIDE BY TERMS OF PROTECTIVE ORDER

I hereby certify that I have carefully read the Protective Order regarding the production of confidential information, documents and things by Charlene Wood and The Charles Stark Draper Laboratory, Inc. dated _____ (the "Order") in the above-captioned matter, and that I fully understand the terms of the Order and I agree to be bound by those terms.

I further agree and hereby submit to the jurisdiction of this Court for the purpose of enforcement of the Order and hereby waive all objections to jurisdiction and venue.

Dated this ___ day of _____, 2005.       Name:_____

                                          Business Address:

Sworn to before me this ____ day of
_____, 2005.
                                          _____
                                          NOTARY PUBLIC

LIBB/1318325.1